**In re Claude M. ZOLNIEROWICZ, Debtor.**

No. 8:06–bk–1928–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 28, 2007.

Patrick R Smith, PR Smith Law Group, PA, Tampa, FL, for Debtor.

## ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by the Chapter 7 Trustee, Susan K. Woodard. The Motion relates to the Trustee's Second Objection to the Debtor's Claim of Exemptions, as Amended.

The Debtor, Claude M. Zolnierowicz, is married to Adam Zolnierowicz. Prior to 2004, the Debtor and her husband resided in Illinois.

In 1992, the Debtor and her husband purchased a condominium located at 2001 Brinson Road in Lutz, Florida.

The parties appear to agree that at some point within 730 days preceding the filing of this bankruptcy case, the Debtor and her husband moved from Illinois to the condominium in Florida and were domiciled in and residents of Florida on the date of filing the petition. The parties also appear to agree that the Debtor and her husband were domiciled in and residents of Illinois for 180 days immediately preceding the 730 days immediately preceding the date of the filing of the Debtor's petition.

On April 25, 2006, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code.

On June 26, 2006, the Debtor filed an Amended Schedule C—Property Claimed as Exempt. Pursuant to the Amendment, the Debtor claimed the Lutz property as exempt based on "765 ILCS 1005/1c-Joint Tenancy Act," and also based on § 522(b)(3)(B) of the Bankruptcy Code.

The Chapter 7 Trustee objected to the Debtor's Amended Claim of Exemption.

The Trustee subsequently filed a Motion for Summary Judgment relating to her Objection to the claimed exemption. In her Motion for Summary Judgment, the Trustee asserts that the "Debtor's claims of exemption in the Debtor's property may

not be allowed under Illinois law, but must be claimed, and determined, under federal law." (Doc. 38, p. 6).

## Discussion

The Court has considered the record and the applicable provisions of the Bankruptcy Code, and finds that the Debtor's entitlement to the claim of exemption should be determined as provided in § 522(b)(3)(B) of the Bankruptcy Code and in accordance with Florida law.

On her Schedule of Real Property filed in the Chapter 7 case, the Debtor asserted that the Lutz condominium is jointly owned.

On her Amended Schedule C, the Debtor claimed the property as exempt under Illinois' Joint Tenancy Act, and also pursuant to § 522(b)(3)(B) of the Bankruptcy Code.

Subsection 522(b)(3) provides:

**11 USC § 522. Exemptions**

. . .

(3) Property listed in this paragraph is

(A) subject to subsections (*o*) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition, or if the debtor's domicile has not been located at a single State for such 730–day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than in any other place;

(B) *any interest in property in which the debtor had immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.*

(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b)(3)(Emphasis supplied).

The Trustee objects on the basis that the Debtor's domicile has not been located in Florida for the 730 days immediately preceding the date of the tiling of the petition, that the Debtor's domicile was located in Illinois for the 180 days immediately preceding that 730–day period, that the Illinois law for this exemption may be applicable, and if the Illinois law is not applicable, the Debtor must claim exemptions only under federal law.

The Trustee also objects on the additional grounds that (1) the Debtor "may not exempt 'any amount of interest' acquired in the 1215 days before the Petition that exceeds $125,000 in a homestead," on the basis of § 522(p), and (2) that "the Debtor's claim of exemption in the residence or homestead must be reduced to the extent it is attributable to non-exemptible property that the Debtor disposed of within ten (10) years before the Petition with the intent to hinder, delay or defraud any creditor," on the basis of § 522(*o*). (Doc. 23, ¶¶ 6, 7).

The Trustee's motion for summary judgment should be denied.

In this case, the Debtor's claim that the Florida properly is exempt is not made under § 522(b)(3)(A), but is claimed pursuant to § 522(b)(3)(B) of the Bankruptcy Code.

The 730 day domicile requirement is contained only in § 522(b)(3)(A). Additionally, the restriction on exemptions set out in § 522(o) is applicable "[f]or the purposes of subsection (b)(3)(A) . . ." and the restriction on exemptions set out in § 522(p) is applicable ". . . as a result of electing under subsection (b)(3)(A). . . ."

The domicile provisions that are set forth in subsection (A) of § 522(b)(3) do not apply to claims of exemption for entireties property under subsection (B) of § 522(b)(3).

 When property is claimed as exempt as entireties property under § 522(b)(3)(B) the primary issues are (1) whether the debtor had an interest in the property as a tenant by the entireties immediately before the commencement of the case, and (2) whether the property "is exempt from process under applicable non-bankruptcy law."

 Whether the Debtor had an interest in the property as a tenant by the entireties is a matter to be determined under Florida law, and whether the property is exempt from process is also determined under Florida law.

In *In re Schwarz*, 362 B.R. 532, 2007 WL 247649 (Bankr.S.D.Fla.), the debtor had moved from Maryland to Florida approximately one year before he filed his bankruptcy petition. He and his wife purchased a home in Florida approximately three months before the bankruptcy filing. In his bankruptcy case, the Debtor claimed that the property was exempt as entireties property pursuant to § 522(b)(3)(B) of the Bankruptcy Code. *In re Schwarz*, at 533–34. The Trustee filed an objection to the claimed exemption.

The Court applied Florida law to determine whether the Debtor was entitled to claim the property as exempt.

I conclude that Florida real property owned by a Florida-domiciled Debtor is exempt from administration as property of the estate regardless of when the debtor became a Florida domiciliary if the debtor had, immediately before the commencement of the case, an interest in that property held in a tenancy by the entireties with a spouse.

*Id.* at 535–36. Since the debtor in *Schwarz* held the property as a tenant by the entireties in accordance with Florida law, the Court determined that the property was exempt under § 522(b)(3)(B) of the Bankruptcy Code.

In this case, the parties appear to agree that the Debtor was a Florida domiciliary who owned the Florida property jointly with her husband immediately before the commencement of her bankruptcy case. Consequently, the Court finds that Florida law applies to determine the Debtor's claim of the property as exempt entireties property under § 522(b)(3)(B) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that the Trustee's Motion for Summary Judgment is denied to the extent that the Trustee is seeking a determination at this time that the Debtor's claim of exemption is governed by federal law.